UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| KENDRICK MONICE JONES | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:19CV217-LG-RPM |
| MARSHAL TURNER et al | DEFENDANTS |

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

Plaintiff Kendrick Monice Jones, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement at the South Mississippi Correctional Institution (SMCI). Plaintiff alleges he was subjected to the unconstitutional conditions of confinement from December 28, 2017, to January 11, 2018; and from January 16, 2018 through January 29, 2018. *See* Doc. [1] at 6; Doc. [49-1] at 9-10; Doc. [49-2]. According to Plaintiff, there were rats, cockroaches, ants, gnats, spiders, and fleas in his cell. As a result, he received an ant bite. He did not have a lightbulb in his cell or in the shower; though he admitted there was enough other light to permit him to see. Other inmates would set items on fire, subjecting Plaintiff to smoke; however, he indicated the guards would open a door and use a fan to vent the smoke from the affected area. He complains his mattress was of inferior quality and he was given only one sheet. He was exposed to freezing temperatures. He was not provided a drinking cup. Other inmates threw feces and urine on him. Inmates delivered mail and he was scared one of the inmates would see the address of a family member. As a consequence of the conditions of confinement, Plaintiff alleged he self-mutilated.

Defendants Marshal Turner, Anthony Beasley, and Regina Reed have filed a motion for summary judgment wherein they argue, among other things, Plaintiff failed to exhaust

administrative remedies prior to filing the instant lawsuit.[1]  Doc. [49].  Defendant Marquest Lindsey, who worked in the medical department at SMCI, has filed a separate motion for summary judgment.  Doc. [45].  Defendant Lindsey argues he was not deliberately indifferent to Plaintiff's medical care.  Plaintiff has not filed a response in opposition to either of the motions for summary judgment.

## Law and Analysis

### Summary Judgment Standard

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).  Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this

---

[1] According to the docket, Defendant Joy Ross was served with process; however, Defendant Ross has not filed an answer or responsive pleading.  Doc. [28]; Doc. [49-1] at 6.  Defendant Ross is alleged to have been in charge of the compound at SMCI where Plaintiff was subjected to alleged unconstitutional conditions.  Doc. [1] at 9; Doc. [11] at 2; Doc. [49-1] at 23.  As will be set forth, Plaintiff failed to exhaust administrative remedies with respect to the claims in his complaint; therefore, the lawsuit should be dismissed without prejudice as to all Defendants, including Defendant Ross.

by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Medical Care**

Plaintiff named Marquest Lindsey as a defendant to this lawsuit because Lindsey was Plaintiff's "psychiatric doctor [at SMCI], and I had cut my wrist, like, three or four times just to get out of where I was because it was horrible." Doc. [49-1] at 21. In his answer, Defendant Lindsey indicates he was employed by Centurion of Mississippi, LLC to provide mental health services to inmates at SMCI. Doc. [24] at 1. Plaintiff alleges Defendant Lindsey knew about the unsafe housing conditions and allowed him to be housed in these conditions, which caused Plaintiff to self-mutilate. At the screening hearing, Plaintiff testified he was aware Defendant Lindsey was not responsible for the correctional facility, but he was only there to treat people. Doc. [49-1] at 22. Liberally construed, Plaintiff alleges a claim for inadequate medical care against Lindsey.

To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v.*

*Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

The medical records and Plaintiff's own testimony refute any allegation that medical personnel were deliberately indifferent to his medical condition. *See* Doc. [47]. On December 31, 2017, Plaintiff filed a request for medical service because he feared for his life. *Id.* at 29. Medical staff notified the watch commander of Plaintiff's fears. *Id.* at 1. On January 3, 2018, medical staff examined Plaintiff based on complaints he was in a dungeon in the bottom of the castle and that he was "seeing and hearing characters". *Id.* at 30. He stated "the devil is consuming everyone. Help." *Id.* Upon examination by medical personnel, he reported anxiety over the housing situation. *Id.* at 3. Defendant Lindsey made a security referral. *Id.* On January 5, 2018, Plaintiff submitted a medical request due to homicidal and suicidal thoughts. *Id.* at 32. Defendant Lindsey recommended Plaintiff be placed on suicide watch. *Id.* at 9-10. On January 10, 2018, Plaintiff was placed on suicide watch. *Id.* at 10-11. Medical staff monitored Plaintiff while he was on suicide watch. *Id.* at 11-12. On January 12, 2018, Dr. Parveen Kumar attempted to remove Plaintiff from suicide watch, but placed him back when Plaintiff began cutting himself. *Id.* at 12, 33. At the screening hearing, Plaintiff stated that Defendant Lindsey

treated him on three or four occasions. Doc. [45-1] at 21. Plaintiff also stated that he cut himself to get out of the housing unit and that Defendant placed him in the infirmary until his wrists healed. *Id.* at 22. Based on the foregoing, Plaintiff has failed to demonstrate a genuine issue of material fact on his claim of deliberate indifference against Defendant Lindsey. To the contrary, the medical records and Plaintiff's own testimony demonstrate that medical personnel responded to Plaintiff's concerns and provided treatment.

**Exhaustion of Remedies**

The remaining Defendants filed a motion for summary judgment and argue Plaintiff failed to exhaust administrative remedies prior to filing the instant lawsuit. Exhaustion of administrative remedies through the prison grievance system is a prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-

84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford*, 548 U.S. at 88. Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[T]he exhaustion requirement hinges on the 'availab[ility]' of administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (alteration in original). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. at 1859. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Mississippi Code grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. The MDOC has implemented an Administrative Remedy Program (ARP) through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration. Effective September 19, 2010, the ARP is a two-step process. *See Yankton v. Epps*, 652 Fed.Appx. 242, 245 (5th Cir. 2016); *Threadgill v. Moore*, No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011). The two-step ARP process begins when the inmate submits his written grievance to the prison's legal claims adjudicator within 30 days of the incident of which he complains. The adjudicator screens the grievance and determines whether to accept it into the

ARP process; if accepted, the grievance is forwarded to the appropriate official for a First Step Response. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. 2013). If the inmate is dissatisfied with the First Step Response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims adjudicator. The Superintendent, Warden or Community Corrections Director issues the final ruling (the Second Step Response). If the inmate remains unsatisfied, he may then file suit in court. The ARP process is complete once the inmate receives the prison official's Second Step Response. *Gross v. Hall*, No. 3:17-cv-494-CWR-FKB, 2019 WL 4397347, at *2 (S.D.Miss. Aug. 2, 2019).

Defendants have presented summary judgment evidence demonstrating there is no genuine issue of material fact regarding whether Plaintiff fully exhausted administrative remedies prior to filing this lawsuit. Defendants submitted an affidavit from Joseph Cooley, the custodian of Administrative Remedy Program records for SMCI. Doc. [49-3] at 4. According to Mr. Cooley, Plaintiff attempted to file a grievance through the ARP concerning living conditions at SMCI; however, his grievance was rejected because it contained multiple issues. *Id*. at 3-4. Mr. Cooley attached a copy of the rejected grievance. *Id.* at 1-2. According to Mr. Cooley, Plaintiff did not submit any further grievances regarding these claims. *Id.* at 4. When an inmate's ARP request is rejected at the initial screening stage, such as occurred in this case, he has the option to refile it in a procedurally proper manner. *See Hinton v. Martin*, No. 3:16-cv-616, 2019 WL 3756480, at *4-5 (S.D.Miss. May 14, 2019). As demonstrated by Mr. Cooley's affidavit, Plaintiff did not refile a procedurally proper grievance. Instead, he simply chose to forgo the grievance system and filed a complaint directly with the federal court.

Plaintiff has not filed a response in opposition to the motion for summary judgment and therefore has not presented any summary judgment evidence demonstrating a disputed issue of

material fact with respect to exhaustion. At the screening hearing, Plaintiff stated that he filed three or four other grievances; however, he has not presented the Court with copies of these. Plaintiff testified "I did one for the shower and the conditions of that, and one for the assault with urine, and then one for my mat in my room". Doc. [49-1] at 25. He did not testify that he followed the grievance process to its conclusion as to any of the claims asserted in his complaint. He merely mentioned initiating the grievance process with respect to his claims, a fact confirmed by the records submitted by Defendants. Based on Plaintiff's failure to exhaust administrative remedies, his claims regarding general conditions of confinement should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant Marquest Lindsey's [45] Motion for Summary Judgment be GRANTED and that the claims against Defendant Lindsey be dismissed with prejudice. The undersigned further recommends that Defendants Anthony Beasley, Regina Reed, and Marshal Turner's [49] Motion for Summary Judgment be GRANTED based on Plaintiff's failure to exhaust administrative remedies and that the claims against Defendants Beasley, Reed, Turner, Joy Ross, and John Doe be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file

the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 15th day of December 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE